IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KYLE K. FRANKLIN,<br><br>        Defendant. | No. C-11-6490 EDL<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

In this case brought by the United States against individual defendant Kyle Franklin, the government moves for summary judgment of each of its four claims for failure to pay the amount due and owing on various student loans. Dkt. # 23. Defendant has not consented or filed an opposition to the motion. Mr. Franklin's only participation in the litigation has been to mail a letter to the government acknowledging his debts and explaining his financial hardship in February 2012. The clerk's office received a copy and filed the letter on behalf of Defendant as an "Answer." See Dkt. # 4. Defendant has not consented to this Court's jurisdiction despite the Court's request, and has not filed any opposition to the Government's motion for summary judgment. The Court finds that this matter is appropriate for resolution without oral argument, and hereby vacates the hearing set for May 14, 2013. Because Defendant has not consented to this Court's jurisdiction, the Court issues this Report and Recommendation that Plaintiff's motion for summary judgment be granted and judgment be entered in favor of Plaintiff, and hereby reassigns this case to a district judge.

**I.    Background**

The complaint contains four claims, dealing with four different types of student loans.

**A.    First claim**

On or about May 18, 1987, January 7, 1988, September 28, 1988 and January 23, 1989,

Defendant signed promissory notes to secure loans in the amount of $2,500, $700, $2,500, and $2,500 respectively. These loans were disbursed at 8.00 percent interest per annum. See Declaration of Rubio Canlas ("Canlas Decl.") at ¶¶ 3-7, Exs. 1-5. The notes were guaranteed by California Student Aid Commission and reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965. Canlas Decl. Ex. 1 ¶ 2.

The holder demanded payment according to the terms of the notes and credited $458.86 to the outstanding principal. When Defendant defaulted in 1991, the holder filed a claim on the loan guarantee and the guaranty agency paid $7,312.24 on the claim. Id. The guarantor was reimbursed by the Department of Education and assigned its right and title to the loans to the Department of Education. Canlas Decl. Ex. 1 ¶ 3. No amount has been credited to the balance since the assignment, and Defendant now owes $5,797.73 in principal, and $8,862.84 in interest as of the hearing date of May 14, 2013 for a total of $14,660.57, plus $1.27 per day thereafter until the date judgment is entered.. Canlas Decl. ¶ 8, Ex. 1.

**B.   Second claim**

On or about January 28, 1988, Defendant executed promissory notes for loans of $1,800, $750, and $1,250 from the University of San Francisco under the federally-funded National DefenseDirect Student Loan (now Perkins Student Loan) programs authorized under Title IV, Part E of the Higher Education Act of 1965. Canlas Decl. ¶ 9-10; Ex. 6-7. Defendant defaulted on these loans on January 2, 1992 and they were assigned to the Department of Education. Canlas Decl. Ex. 6 ¶ 2. After crediting cancellations and payments, Defendant owed $311.29 in principal and $140.09 in interest. Id. ¶ 3.

On August 25, 2004, the funds were distributed by Direct Loans in the amount of $111,781.64 to pay off the balances of the six loans, which an overpayment adjustment of $29.47 credited to the account on October 12, 2004. Canlas Decl. ¶ 12; Ex. 7. Payments were made on the loan balance in the amount of $5,180.48, which was applied to interest only. Canlas Decl. ¶ 13. No amount has been credited to the balance since the assignment,

and Defendant now owes $311.29 in principal, and $226.81 in interest as of the hearing date of May 14, 2013 for a total of $538.10, plus $0.04 per day thereafter until the date judgment is entered. Canlas Decl. ¶ 11, Ex. 6.

### C. Third Claim

On or about October 2, 1990, Defendant executed a promissory note for a loan of $7,500 from Great Western Savings. The loan was disbursed at 8.00 percent interest per annum. See Canlas Decl. at ¶¶ 12-13, Exs. 8-9. The note was guaranteed by California Student Aid Commission and reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965. Id.

The holder demanded payment according to the terms of the note and credited $0.00 to the outstanding principal. When Defendant defaulted in 1993, the holder filed a claim on the loan guarantee and the guaranty agency paid $8,239.58 on the claim. Id. Ex. 8. The guarantor was reimbursed by the Department of Education and assigned its right and title to the loans to the Department of Education. Canlas Decl. Ex.8. No amount has been credited to the balance since the assignment, and Defendant now owes $8,239.58 in principal, and $13,234.02 in interest as of the hearing date of May 14, 2013 for a total of $21,473.60, plus $1.80 per day thereafter until the date judgment is entered. Canlas Decl. ¶ 14, Ex. 8.

### D. Fourth Claim

On or about December 7, 1990, Defendant executed a promissory note for a loan of $4,000 from Sacramento Savings Bank. The loan was disbursed at a variable interest rate. The note was guaranteed by California Student Aid Commission and reinsured by the Department of Education under loan guaranty programs authorized under Title IV-D of the Higher Education Act of 1965. Id. See Canlas Decl. at ¶¶ 15-16, Exs. 10-11.

The holder demanded payment according to the terms of the note and credited $0.00 to the outstanding principal. When Defendant defaulted in 1993, the holder filed a claim on the loan guarantee and the guaranty agency paid $8,239.58 on the claim. Id. Ex. 10. The guarantor was reimbursed by the Department of Education and assigned its right and title to the loans to the Department of Education. Canlas Decl. Ex. 10. No amount has been

1 credited to the balance since the assignment, and Defendant now owes $4,837.69 in
2 principal, and $6,221.59 in interest as of the hearing date of May 14, 2013 for a total of
3 $11,059.28, plus $0.47 per day thereafter until the date judgment is entered.  Canlas Decl. ¶
4 17, Ex. 10.

## II.   Legal Standard

Summary judgment shall be granted if "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c). Material facts are those which may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id. The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial.  Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.  Id.  If the moving party meets its initial burden, the opposing party "may not rely merely on allegations or denials in its own pleading;" rather, it must set forth "specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 250.  If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a

4

matter of law." Celotex, 477 U.S. at 323.

**III.    Discussion**

A prima facie case for enforcement of a promissory note is established by a plaintiff if it presents evidence of the existence of the note, the defendant's default, and the amount due. See United States v. Freeman, 2002 U.S. Dist. LEXIS 5094, *3 (N.D. Cal. Mar. 22, 2002) (citing United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)); see also United States v. Potts, 2006 U.S. Dist. LEXIS 34216, at *6 (N.D. Cal. Apr. 18, 2006) ("In a suit on a promissory note, the initial burden is on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due."); United States v. Chu, 2001 U.S. Dist. LEXIS 18086, at *1 (N.D. Cal. Nov. 2, 2001) (same). Here, the government has established a prima facie case. It has attached copies of Defendant's promissory notes, which include the amount loaned to him. See Canlas Decl. Exs. 2-5, 7, 9, 11. The government also introduced evidence of indebtedness indicating Defendant's default on the loans. See id. Exs. 1, 6, 8, 10. Furthermore, Defendant does not appear to dispute the execution of the promissory note, nor the amount owed in the answer, and did not file an opposition to this motion. See Dkt. # 4 (letter from Plaintiff in response to complaint acknowledging debt).

Once the plaintiff has established its prima facie case, the burden then shifts to the defendant to prove that the amount alleged to be due is not owing. Freeman, 2002 U.S. Dist. LEXIS 5094, at *4 (citing Irby, 517 F.2d at 1043). Here, Defendant did not file an opposition to this motion. Although Defendant has not responded to the government's motion, "[a] motion for summary judgment cannot be granted simply because there is no opposition . . . ." Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993) (holding that the district court's discretion to grant summary judgment "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact."). However, given that the government has made a prima facie showing and without any proof

5

to counter the government's showing, Defendant has failed to meet his burden in opposition to summary judgment. Therefore, the government is entitled to summary judgment in the amount of principal, interest, fees and costs.

**CONCLUSION**

For the reasons set forth above, this Court recommends that Plaintiff's motion for summary judgment be granted in full. Plaintiff is entitled to judgment in the following amounts: $19,186.29 in principal and $28,545.26 in interest as of May 14, 2013 plus $3.58 in interest per day until judgment is entered. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 until the debt is paid.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

This report and recommendation renders Plaintiff's May 6, 2013 "Request for Magistrate Judge to Rule on Plaintiff's Motion For Summary Judgment and to Submit Proposed Findings of Fact and Recommendation to District Court In the Event Defendant Fails to Consent to Magistrate Judge" moot.

Dated: May 14, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge